UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

FRANCISCO SANTOS,

                          Plaintiff,

       -against-                                      9:20-CV-0421 (LEK/DJS)

DEBORAH GEER, P.A., *et al.*,

                          Defendants.

_____

**MEMORANDUM-DECISION AND ORDER**

**I.    INTRODUCTION**

        Pro se plaintiff Francisco Santos commenced this civil rights action pursuant to 42 U.S.C.

§ 1983 on April 9, 2020. Dkt. No. 1 ("Complaint"). Plaintiff, who is currently incarcerated at

Auburn Correctional Facility ("Auburn C.F."), alleges violations of his First and Eighth

Amendment rights arising out of his confinement at Clinton Correctional Facility ("Clinton

C.F."), Attica Correctional Facility ("Attica C.F."), Southport Correctional Facility ("Southport

C.F."), and Auburn C.F. Id. Plaintiff sought leave to proceed in forma pauperis ("IFP"). Dkt. No.

2. On June 15, 2020, the Court granted Plaintiff's IFP application and severed and transferred the

claims arising at Attica C.F., Southport C.F., and Elmira C.F. to the Western District of New

York. Dkt. No. 6 ("June Order"). In the June Order, the Court also dismissed the claims arising

out of alleged wrongdoing that occurred at Clinton C.F. and Auburn C.F. for failure to state a

claim upon which relief may be granted. Id. However, in light of his pro se status, Plaintiff was

afforded an opportunity to submit an amended complaint related to the claims arising out of

events at Clinton C.F. and Auburn C.F. Id. at 15. Now before the Court is the Amended

Complaint submitted in compliance with that order. Dkt. No. 8-1 ("Amended Complaint").

## II.     LEGAL STANDARD

The legal standard governing the dismissal of a pleading for failure to state a claim pursuant to 28 U.S.C. § 1915A(b) was discussed at length in the June Order. <u>See</u> Dkt. No. 6 at 2–3. It will not be restated herein.

## III.     SUMMARY OF AMENDED COMPLAINT[1]

In the Amended Complaint, Plaintiff names Dr. Kevin W. Ott as a defendant and reasserts claims against Ott related to Plaintiff's confinement at Elmira C.F. <u>See</u> Am. Compl. ¶¶ 9, 59–69, 158, 162–163, 165. Plaintiff also realleges his Eighth Amendment claims against "designated medical staff and medical care providers" at Attica C.F. and Southport C.F. <u>See id.</u> ¶¶ 43, 158, 162, 163, 165. In the June Order, the Court severed the claims that arose while Plaintiff was incarcerated at Elmira C.F., Attica C.F., and Southport C.F. from this action and transferred the claims, along with the defendants associated with those claims, to the Western District of New York. <u>See</u> June Order at 12. As a result, Ott is not a party to this action and the claims related to Elmira C.F., Attica C.F., and Southport C.F. are not properly before this Court.

The factual allegations against defendants Commissioner Anthony J. Annucci, Deborah Geer, P.A., Nurse Practitioner Jane Doe #1, Danielle Snider, Nurse Practitioner Laura Osika-

---

[1] The Complaint included seventy-four pages of exhibits. Dkt. No. 1-1. Plaintiff did not annex the documents to the proposed Amended Complaint. "Although it is well settled that an amended complaint supersedes a prior complaint in its entirety, it is clear to the court that Plaintiff intended to attach the exhibits to his amended complaint." <u>Wellington v. Langendorf</u>, No. 12-CV-1019, 2013 WL 3753978, at *3 n.2 (N.D.N.Y. July 15, 2013). To require Plaintiff to file another amended complaint that includes the original exhibits is "an unnecessary procedural hoop that would waste resources and delay resolution of this action." <u>Alexander v. United States</u>, No. 13-CV-678, 2013 WL 4014539, at *4 n.3 (N.D. Cal. Aug. 5, 2013). In light of Plaintiff's pro se status, the Court will consider the exhibits and documentation attached to the original Complaint as incorporated by reference in the proposed Amended Complaint. <u>See</u> <u>Alvarado v. Ramineni</u>, No. 08-CV-1126, 2011 WL 6937477, at *5 n.9 (N.D.N.Y. Dec. 6, 2011).

Michales, Physician Assistant R. Slagler, and Doctor John Morley, and the claims for relief asserted in the Amended Complaint, are substantially the same as those in the Complaint. Compare Compl. with Am. Compl. Those allegations and claims were described at length in the June Order, familiarity with which is assumed.

The only new allegations in the Amended Complaint are included in ¶¶ 131–169. See Am. Compl. at ¶¶ 131–169. In these paragraphs, Plaintiff alleges that Defendants were deliberately indifferent to his serious medical needs because they refused to follow the directives of specialists, adhered to the "unwritten policy" of refusing to provide pain medicine, and refused to timely schedule appointments and radiological studies. See id. Plaintiff also asserts supervisory claims against Annucci, Morley, and Snider, and a retaliation claim against Morley and Snider. See id. at ¶¶ 136–143, 168, 169.

Construing the Amended Complaint liberally, Plaintiff asserts the following: (1) Eighth Amendment deliberate medical indifference claims related to medical treatment at Clinton C.F.; (2) Eighth Amendment deliberate medical indifference claims related to medical treatment at Auburn C.F.; and (3) First Amendment retaliation claims.

## IV.   DISCUSSION

Section 1983 "provides a cause of action for 'the deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." Wilder v. Va. Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting § 1983). "Section 1983 itself creates no substantive rights, [but] . . . only a procedure for redress for the deprivation of rights established elsewhere." Sykes v. James, 13 F.3d 515, 519 (2d Cir. 1993).

3

**A. Eleventh Amendment**

The law related to the Eleventh Amendment was discussed in the June Order; it will not be restated here. See June Order at 13–14. There, the Court dismissed Plaintiff's § 1983 claims seeking monetary damages against defendants in their official capacities as barred by the Eleventh Amendment, with prejudice. Id. To the extent that Plaintiff attempts to reassert § 1983 claims for monetary damages against Defendants in their official capacities in the Amended Complaint, those claims are dismissed, with prejudice, for the reasons set forth in the June Order.

**B. Eighth Amendment**

The law related to Eighth Amendment deliberate medical indifference claims was discussed in the June Order and will not be restated herein. See June Order at 14–15.

*1.* ***Claims Related to Clinton C.F.***

In the Amended Complaint, Plaintiff realleges Eighth Amendment claims related to his medical treatment at Clinton C.F. between 2013 and 2016. See Am. Compl. ¶¶ 33–40.

a. Statute of Limitations

As discussed in the June Order, Plaintiff initiated this action on March 26, 2020. See June Order at 16. Noting that a three-year statute of limitations applies to a § 1983 action, the Court dismissed the claims regarding alleged misconduct at Clinton C.F. prior to March 26, 2017, without prejudice, as untimely. Id. Plaintiff was afforded the opportunity to demonstrate that the limitations period was tolled or that his claims pertaining to Clinton C.F. were otherwise timely. Id.

A § 1983 claim accrues "when the plaintiff knows or has reason to know of the harm that he seeks to redress." Connolly v. McCall, 254 F.3d 36, 41 (2d Cir. 2001). A claim for deliberate

4

medical indifference accrues when medical treatment is denied. Traore v. Police Office Andrew Ali Shield, No. 14-CV-8463, 2016 WL 316856, at *5 (S.D.N.Y. Jan. 26, 2016). "Under New York law, the doctrines of equitable tolling or equitable estoppel 'may be invoked to defeat a statute of limitations defense when the plaintiff was induced by fraud, misrepresentations or deception to refrain from filing a timely action.'" Abbas v. Dixon, 480 F.3d 636, 642 (2d Cir. 2007) (citations omitted). Courts in this Circuit apply equitable tolling where "extraordinary circumstances prevented a party from timely performing a required act, and that the party acted with reasonable diligence throughout the period he [sought] to toll." Lopez v. Annucci, 690 Fed. App'x 56, 59 (2d Cir. 2017) (internal quotation marks and citations omitted). "Equitable tolling may apply where the plaintiff was actively misled by defendants or if the defendant concealed from the plaintiff the existence of the cause of action." Ruiz v. Suffolk Cty. Sheriff's Dep't, No. 03-CV-3545, 2008 WL 4516222, at *8–9 (E.D.N.Y. Oct. 2, 2008) (internal citations omitted). Here, for Plaintiff's claim to be timely, he must plead that he did not discover, or could not have discovered with reasonable diligence, the facts on which his claims are based prior to March 2017. See O'Hara v. Bechtel Const., Inc., 543 Fed. App'x 98, 99 (2d Cir. 2013).

In the Amended Complaint, Plaintiff argues that the statutory period for his Eighth Amendment claims was tolled because he was not aware of the full extent of his physical injuries until August 8, 2019, when he was transported to an outside hospital for a CT scan. See Am. Compl. ¶¶ 146–155. Here, the Eighth Amendment claims related to treatment at Clinton C.F. accrued in December 2015, after Plaintiff underwent surgery and requested, and was denied, pain medication, radiological studies, and pain clinic consultations. See Am. Compl. at ¶ 39. At that time, Plaintiff believed that his treatment was inadequate. The fact that Plaintiff did not know the

extent of his injuries does not provide support for tolling the limitations period. See Curtis v. Williams, No. 11-CV-1186, 2013 WL 1915447, at *8 (S.D.N.Y. May 9, 2013) (dismissing the plaintiff's argument that the "full extent of the injury" did not allegedly become known until he received his MRI results as "legally irrelevant").

Plaintiff also claims that the statutory period should be tolled because he was "mislead [sic] by the DOCCS designated medical staff, including defendants" and alleges that he was told that he was "placed (awaiting) for scheduled specialist consultation visits between March 2013 through March 26, 2019. See Am. Compl. ¶¶ 146–155. However, Plaintiff has not identified any specific "fraud, misrepresentation or deception by any defendant" that prevented him from bringing his Eighth Amendment claim. See Keitt v. New York City, 882 F. Supp. 2d 412, 439 (S.D.N.Y. 2011). Plaintiff was aware of his Eighth Amendment claim after his requests for pain medication and consults were denied in or around December 2015. Plaintiff fails to allege that Defendants took any action to conceal the existence of a potential claim or cause of action and his conclusory assertion that he was misled is insufficient to "salvage" an untimely claim. See Abdullah v. Goord, No. 06-CV-0622, 2007 WL 2789479, at *5 (N.D.N.Y. Sept. 24, 2007); see also Tuff v. Liddy, No. 09-CV-0183, 2009 WL 1449043, at *2 (N.D.N.Y. May 21, 2009) ("To take advantage of this doctrine, a plaintiff must submit non-conclusory evidence of a conspiracy or other fraudulent wrong which precluded the discovery of the harm suffered.").

### b.  Personal Involvement

Even assuming Plaintiff successfully pled facts suggesting that his Eighth Amendment claims arising out of his confinement at Clinton C.F. are timely, the claims are nonetheless subject to dismissal for failure to plead personal involvement. Plaintiff's Eighth Amendment

6

claims related to Clinton C.F. are asserted against supervisory defendants, Annucci, Morley, and Snider. The case law related to personal involvement of supervisory defendants in § 1983 actions was discussed in the June Order. See June Order at 16–17 ("[S]upervisory personnel may be considered 'personally involved' in an alleged constitutional violation only if they: 1) directly participated in the violation; 2) failed to remedy that violation after learning of it through a report or appeal; 3) created, or allowed to continue, a policy or custom under which the violation occurred; 4) were grossly negligent in managing subordinates who caused the violation; or 5) exhibited deliberate indifference to the rights of inmates by failing to act on information indicating that the violation was occurring.") (citing Colon v. Coughlin, 58 F.3d 865, 873 (2d Cir. 1995)).

*i.  First Colon Factor*

Construing the Amended Complaint liberally, Plaintiff claims that Morley and Snider directly participated in the Eighth Amendment violations at Clinton C.F. because they delayed radiological studies for four years, beginning in 2013. Am. Compl. ¶ 159. "In this Circuit, a 'direct participant' includes a person who authorizes, orders, or helps others to do the unlawful acts, even if he or she does not commit the acts personally." Terebesi v. Torreso, 764 F.3d 217, 234 (2d Cir. 2014) (citation omitted). Therefore, while Morley and/or Snider did not personally treat Plaintiff, they could be personally liable if either "authorized or ordered such violation." Wilson v. Celestin, No. 17-CV-5592, 2018 WL 2304762, at *3 (E.D.N.Y. May 18, 2018). Here, however, the Amended Complaint contains only a vague and conclusory assertion that Snider and Morley delayed Plaintiff's access to MRI, CT, and EMG studies without any facts supporting the allegations. See e.g., Am. Compl. ¶ 127 ("Defendants John Morley and Danielle Snider

7

willingly and consciously with deliberate indifference to the Plaintiff's [s]pecific, [i]ndividual & [s]erious [m]edical [n]eed, disrupted the Plaintiff's already specifically prescribed Treatment Plan that consist[ed] of . . . (1) obtaining a [sic] MRI studies . . . ."). Accordingly, Plaintiff has not sufficiently pled that Morley and Snider were personally involved under the first <u>Colon</u> factor.

<em>ii.  Second <u>Colon</u> Factor</em>

Plaintiff claims that Annucci, Snider, and Morley were informed of the constitutional violations at Clinton C.F. "through complaint letters, grievance appeals, and reports" and failed to remedy the violations. Am. Compl. at ¶¶ 136–140, 165, 168, 169. The Second Circuit has cautioned against dismissing claims for failure to allege personal involvement where the plaintiff alleges that an official failed to respond to a letter of complaint. <u>Grullon v. City of New Haven</u>, 720 F.3d 133, 141 (2d Cir. 2013) (holding that a prisoner's letter of complaint sent to a prison warden "at an appropriate address and by appropriate means" would suffice to state facts plausibly suggesting personal involvement). District courts have found personal involvement based on the denial of a grievance where the alleged constitutional violation complained of in the grievance was "ongoing [. . . ] such that the 'supervisory official who reviews the grievance can remedy [it] directly.'" <u>Burton v. Lynch</u>, 664 F. Supp. 2d 349, 360 (S.D.N.Y. 2009) (citation omitted). "If the official is confronted with a violation that has already occurred and is not ongoing, then the official will not be found personally responsible for failing to 'remedy' a violation." <u>Harnett v. Barr</u>, 538 F. Supp. 2d 511, 524 (N.D.N.Y. 2008); <u>see also</u> <u>Young v. Kihl</u>, 720 F. Supp. 22, 23 (W.D.N.Y. 1989) ("[T]he wrong . . . [must] have been capable of mitigation at the time the supervisory official was apprised thereof . . . Without such caveat, the personal

8

involvement doctrine may effectively and improperly be transformed into one of respondeat superior.") (citation omitted); <u>Jackson v. Burke</u>, 256 F.3d 93, 96 (2d Cir. 2001) ("[A] 'failure to remedy' theory of liability is not available with respect to discrete and completed violations.").

Although Plaintiff claims that Defendants were notified through his complaints, grievances, and appeals, the Amended Complaint lacks any specific facts related to the complaints, grievances, or appeals including the date, the substance of the complaints, or where, and by what means, the complaints were forwarded. With the original pleading, Plaintiff annexed a copy of a September 2019 grievance and a December 2019 complaint forwarded to various DOCCS officials, including Annucci and Morley, related to his medical treatment. Dkt. No. 1-1 at 9–17, 31–38.[2] At the time Plaintiff filed the aforementioned complaint and grievance, he was no longer confined at Clinton C.F. Thus, Defendants could not remedy the alleged constitutional violations related to Clinton C.F., because they were no longer ongoing. See <u>Burton v. Lynch</u>, 664 F. Supp. 2d 349, 362 (S.D.N.Y. 2009) (finding that the superintendent at Fishkill Correctional Facility could not remedy the grievance related to Southport C.F., where the plaintiff was previously confined).

### iii. Third <u>Colon</u> Factor

In the June Order, the Court addressed Plaintiff's attempt to plead personal involvement under the third <u>Colon</u> prong:

> As presently plead[ed], the Complaint contains no facts or details
> related to the policy nor, more problematically, any non-conclusory

---

[2]  Plaintiff also annexed copies of grievances filed at Elmira C.F. and Southport C.F. related to the grievance process at Attica C.F. and harassment at Elmira C.F. See Dkt. No. 1-1 at 53, 59. These grievances lack any reference to Plaintiff's medical treatment and there are no facts connecting Annucci, Morley, or Snider to the grievances.

allegations suggesting that Annucci is responsible for the alleged promulgation of the policy. Without such facts, the Court finds that Plaintiff has failed to plead a cognizable constitutional claim against Annucci. See Williams v. Adams, No. 18-CV-1041, 2019 WL 350215, at *8 (N.D.N.Y. Jan. 29, 2019) (dismissing Eighth Amendment claim against supervisory defendant based upon the defendant's supposed enactment of an unwritten policy related to prescription pain medication because the plaintiff failed to plead facts related to the scope of the policy); Doe v. New York, 97 F. Supp. 3d 5, 16 (E.D.N.Y. 2015) (dismissing complaint against supervisory medical personnel where "[t]he allegations in the . . . Complaint that . . . [these] supervisors[] indifferently or intentionally enforced the [unwritten] policy . . . is conclusory."); Banks v. Annucci, 48 F. Supp. 3d 394, 419 (N.D.N.Y. 2014) ("[The] plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights.") (internal quotation marks omitted).

June Order at 18.

The Amended Complaint does not cure the deficiencies in the original Complaint related to the third Colon factor because the Amended Complaint does not contain any non-conclusory allegations suggesting that Annucci is responsible for promulgating an unwritten policy against prescribing inmates opioid, narcotic, and/or abusive pain medications.

### iv.  Fourth and Fifth Colon Factors

Plaintiff also claims that the supervisory defendants "failed to instruct" their subordinates, causing continued violations. Am. Compl. ¶¶ 141, 142, 162, 163, 166. Based on these allegations, Plaintiff seeks to establish Defendants' personal involvement in their subordinates' alleged misconduct through the fourth Colon prong: gross negligence. See Colon, 58 F.3d at 873 ("The personal involvement of a supervisory defendant may be shown by evidence that: . . . (4) the defendant was grossly negligent in supervising subordinates who committed the wrongful acts. . ."). A supervisor is grossly negligent when she or he "knew or should have known that

there was a high degree of risk that his subordinates would behave inappropriately, but either deliberately or recklessly disregarded that risk by failing to take action that a reasonable supervisor would find necessary to prevent such a risk, and that failure caused a constitutional injury to [the] [p]laintiff." Bivona v. McLean, No. 19-CV-303, 2019 WL 2250553, at *4 (N.D.N.Y. May 24, 2019); see also Nelson v. City of New York, No. 18-CV-4636, 2019 WL 3779420, at *15 (S.D.N.Y. Aug. 9, 2019) ("[G]ross negligence denotes a higher degree of culpability than mere negligence.").

In the Amended Complaint, Plaintiff alleges that Defendants failed to "instruct" the "facility medical staff and medical provider" at Clinton C.F. "to stop interfering with the outside hospital specialist," in favor of enforcing an "unwritten policy." Am. Compl. at ¶¶ 141, 142, 162, 163. These vague and conclusory assertions are insufficient to establish Defendants' knowledge of a high degree of risk that his subordinates would engage in misconduct. The Amended Complaint lacks facts about what Defendants did or did not do to supervise or instruct the medical staff. Unadorned claims such as these are insufficient to plausibly allege Defendants' personal involvement in their subordinates' misconduct. See Villafane v. Sposato, No. 16-CV-3674, 2017 WL 4179855, at *15 (E.D.N.Y. Aug. 22, 2017) (dismissing the plaintiff's claim because, in part, he "fail[ed] to set forth any detail regarding how [the supervisory] Defendant . . . failed to supervise his subordinates or which subordinates he failed to supervise"); McRae v. Gentile, No. 14-CV-783, 2015 WL 7292875, at *5 (N.D.N.Y. Oct. 20, 2015) ("[V]ague and conclusory allegations that a supervisor failed to properly monitor the actions of subordinate employees do not suffice to establish the requisite personal involvement and support a finding of liability.") (citing Pettus v. Morgenthau, 554 F.3d 293, 300 (2d Cir. 2009)); Styles v.

11

Goord, 431 Fed. App'x 31, 33 (2d Cir. 2011) (no personal involvement where plaintiff "did not allege . . . any facts concerning [supervisor defendants'] particular conduct in supervising their subordinates").

Similarly, these assertions are insufficient to establish that Defendants exhibited deliberate indifference to the rights of inmates through the fifth Colon factor. ( See Colon, 58 F.3d at 873 ("The personal involvement of a supervisory defendant may be shown by evidence that: . . . (5) the defendant exhibited a deliberate indifference to the rights of inmates by failing to act on information indicating that unconstitutional acts were occurring.").

Accordingly, Plaintiff's Eighth Amendment claims related to his medical treatment at Clinton C.F. are dismissed pursuant to §§ 1915(e)(2) and 1915A(b) for failure to state a claim.

### 2. *Claims Related to Auburn C.F.*

In the June Order, the Court dismissed the Eighth Amendment claims against Geer, Jane Doe, Oskia-Michales, and Slagler, reasoning that neither a difference of opinions between Defendants and Plaintiff as to the appropriate pain medication and treatment nor disagreement between specialists suggests that Defendants were deliberately indifferent. See June Order  at 19, 20. The Court also noted that, "[f]rom June 2019 through February 2020, Plaintiff received regular medical treatment for his complaints, including sick call visits, consultations with various specialists, radiological studies, and prescription medication." Id. at 20. Because Plaintiff failed to allege a cognizable denial of medical care against any staff at Auburn C.F., the Court also dismissed the Eighth Amendment claims against the supervisory defendants, Morley, Snider, and Annucci. Id. at 21.

12

The Amended Complaint includes no new factual allegations related to Plaintiff's medical treatment at Auburn C.F. Accordingly, for the reasons set forth in the June Order, id. at 19–21, Plaintiff's Eighth Amendment claims related to his medical treatment at Auburn C.F. are dismissed pursuant to §§ 1915(e)(2)(B) and 1915A(b) for failure to state a claim upon which relief can be granted.

### C. Retaliation

Plaintiff alleges that Snider and Morley retaliated against him when they canceled his "already scheduled follow-up" appointments with a specialist at the pain clinic after he submitted a complaint about the "facility medical staff enforcing a[n] 'unwritten policy[.]" Am. Compl. at ¶ 143.

To state a claim of retaliation under the First Amendment, a plaintiff must allege facts plausibly suggesting the following: (1) the speech or conduct at issue was "protected;" (2) the defendants took "adverse action" against the plaintiff—namely, action that would deter a similarly situated individual of ordinary firmness from exercising his or her constitutional rights; and (3) there was a causal connection between the protected speech and the adverse action—in other words, that the protected conduct was a "substantial" or "motivating factor" in the defendant's decision to take action against the plaintiff. Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 287 (1977); see also Gill v. Pidlypchak, 389 F.3d 379, 380 (2d Cir. 2004). The Second Circuit has stated that courts must approach prisoner retaliation claims "with skepticism and particular care," since "virtually any adverse action taken against a prisoner by a prison official—even those otherwise not rising to the level of a constitutional violation—can be characterized as a constitutionally proscribed retaliatory act." Dawes v. Walker, 239 F.3d 489,

491 (2d Cir. 2001), overruled on other grounds by Swierkiewicz v. Sorema N.A., 534 U.S. 506

(2002) (citing Flaherty v. Coughlin, 713 F.2d 10, 13 (2d Cir. 1983)).

It is well settled that the filing of grievances by a prisoner constitutes protected conduct

for the purposes of First Amendment claims. See Colon v. Coughlin, 58 F.3d 865, 872 (2d Cir.

1995) ("Prisoners, like non-prisoners, have a constitutional right of access to the courts and to

petition the government for the redress of grievances, and prison officials may not retaliate

against prisoners for the exercise of that right.") (citation omitted); Baskerville v. Blot, 224 F.

Supp. 2d 723, 731 (S.D.N.Y. 2002) ("A prisoner's filing of a grievance against a corrections

officer is protected by the First Amendment and retaliation in response to such a grievance is an

actionable claim.") (citations omitted).

On December 23, 2019, Plaintiff forwarded a complaint to various DOCCS officials,

including Morley. Dkt. No. 1-1 at 31–38. Plaintiff claimed that "designated Medical Care

Provider[s]" at Auburn C.F. are "consciously and willingly enforcing a[n] 'Unwritten Policy' to

deprive me of the adequate and appropriate pain killer & muscle relaxer medications[.]" Id. Even

assuming that Plaintiff sufficiently pleaded that he engaged in protected conduct, the Amended

Complaint contains no non-conclusory allegations to plausibly suggest that Morley or Snider

were motivated by retaliatory animus. Specifically, Plaintiff has not pleaded facts related to

which appointments were cancelled, when the appointments were canceled, and by whom.

Indeed, Plaintiff was seen by a specialist at a pain clinic on January 16, 2020. Dkt. No. 1-1 at 40,

51. Plaintiff's conclusory retaliation claim is belied by the record and thus, Plaintiff has failed to

plead a causal connection between any protected conduct and any adverse action. See Flaherty v.

Coughlin, 713 F.2d 10, 13 (2d Cir. 1983) ("[A] complaint which alleges retaliation in wholly

conclusory terms may safely be dismissed on the pleadings alone."), <u>overruled on other grounds by Swierkiewicz v. Sorema N.A.</u>, 534 U.S. 506 (2002).

Accordingly, Plaintiff's retaliation claims are dismissed pursuant to §§ 1915(e)(2) and 1915A(b) for failure to state a claim.

## V.      CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that the Amended Complaint (Dkt. No. 8-1) is accepted for filing; and it is further

**ORDERED** that Plaintiff's claims are **DISMISSED without prejudice** pursuant to §§ 1915(e)(2)(B) and 1915A(b) for failure to state a claim upon which relief may be granted; and it is further

**ORDERED** that the Clerk shall enter judgment accordingly; and it is further

**ORDERED** that the Clerk serve a copy of this Memorandum-Decision and Order on Plaintiff.

**IT IS SO ORDERED.**


DATED:      September 15, 2020
            Albany, New York

Lawrence E. Kahn
U.S. District Judge

15